IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CLYDE KENNARD JONES, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CASE NO. 5:14-CV-145 (MTT) |
| WILLIAM "BILLY" CAPE, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is the Plaintiffs' motion to disqualify this Judge and Magistrate Judge Stephen Hyles. (Doc. 34). For the following reasons, the motion is **DENIED**.

### I.  BACKGROUND

In this action, the Plaintiffs seek relief under 42 U.S.C. §§ 1983, 1985, 1986 and various federal and state constitutional provisions based on the Defendants' alleged civil rights violations in Plaintiff Daron Thomas's state criminal proceedings in Pulaski County Superior Court. Among the issues they raise are the provision of inadequate appointed counsel for Thomas, the exclusion of witnesses from Thomas's trial proceedings, the suspension of Thomas's right to pursue a writ of habeas corpus, and his allegedly unlawful imprisonment.[1] Aside from Thomas, the other Plaintiffs in this case appear to be the witnesses who were allegedly excluded from his trial proceedings. In a separate action, Thomas has also filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which appears to raise issues that overlap with

---

[1] Thomas is currently incarcerated at Washington State Prison.

this case. *See Thomas v. Cape*, No. 5:14-cv-20 (MTT). The Plaintiffs now move to disqualify this Judge and Judge Hyles from presiding over this case based on proceedings in Thomas's habeas case.

## II. DISCUSSION

The Plaintiffs seek to disqualify this Judge and Judge Hyles under 28 U.S.C. § 455. Pursuant to this statute, a judge shall disqualify himself under specific circumstances, including in relevant part "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Thus, a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," "[w]here he has a personal bias or prejudice concerning a party," or under any of the other specific circumstances outlined in the statute. 28 U.S.C. §§ 455(a), (b); *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Id.* Moreover, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

Here, the Plaintiffs have not shown Judge Hyles or this Judge to be personally biased or prejudiced against them. The Plaintiffs contend Defendant Cape received special favors in Thomas's habeas case when Judge Hyles dismissed Cape from that action because he was no longer the state officer that had custody of Thomas. (Doc. 34-1 at 2). The Plaintiffs also question the Court's jurisdiction over Cape in Thomas's

habeas case and contend this Judge is supporting Judge Hyles's allegedly improper conduct.  (Doc. 34-1 at 3).

But the Plaintiffs complain only about legal conclusions and rulings in Thomas's habeas case with which they disagree.  They have not alleged any facts that would convince a reasonable person that bias actually exists on the part of this Judge or Judge Hyles, nor have they provided any argument or evidence that an objective, fully informed lay observer would entertain significant doubt about the Court's impartiality.  This is primarily because the Plaintiffs' perception of prejudice is grounded in prior decisions they dislike.  As the Supreme Court has observed, this does not indicate bias:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves…they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required…when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal.  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (internal citation omitted).

Thus, even though the Plaintiffs are unhappy with how Thomas's habeas case is unfolding and believe there to be legal error of some variety, they have not advanced proper grounds for recusal in *this* case.  They have not suggested any personal or extrajudicial source exists that would prejudice this Court against them.  Indeed, the Plaintiffs' complaints are of the type most appropriately made by Thomas on appeal in his habeas action.  Accordingly, this Court sees no basis for this Judge or Judge Hyles to be disqualified from presiding over this case.

## III. CONCLUSION

Because the Plaintiffs have not presented any objective evidence of this Court's bias or partiality, their motion to disqualify (Doc. 34) is **DENIED**.

**SO ORDERED**, this 28th day of April, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
