IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CLYDE KENNARD JONES, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO: 5:14-CV-145-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| WILLIAM BILLY CAPE, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## **REPORT AND RECOMMENDATION**

Presently pending before the Court are Defendants' motions to dismiss the Complaint (ECF Nos. 4, 8, 9), as well as Plaintiffs' motions to strike the motions to dismiss (ECF Nos. 7, 14, 19, 26) and motion for default judgment (ECF No. 13). For the reasons that follow, the Court recommends the Complaint be dismissed.

## **BACKGROUND**

Plaintiffs filed the instant Complaint (ECF No. 1) in the United States District Court for the Northern District of Georgia on September 13, 2013. Proceedings commenced in that court, during which time all of the above motions were filed. On April 15, 2014, the district judge filed an order transferring the case to this Court because most Defendants reside within the Middle District of Georgia and because Plaintiff Daron Thomas has a pending petition for habeas corpus relief in this Court. (ECF No. 30.)

The Plaintiffs in this action are Daron Thomas, a state inmate currently in the custody of the Georgia Department of Corrections at Washington State Prison in

Davisboro, Georgia, and Milton Thomas, Clyde Kennard Jones, and Earnest Ridley, individuals who are Daron Thomas' family and friends. (Compl. 7-8.) The extensive Complaint in this case can best be described as a rambling list of grievances for allegedly unlawful conduct centered around the prosecution and trial of Plaintiff Daron Thomas.

The main thrust of Plaintiffs' Complaint is based upon alleged conduct which occurred on December 11, 2012 in the Superior Court of Pulaski County. Plaintiffs allege that Defendant Judge H. Frederick Mullis, Jr. ordered Defendant Sheriff William Cape to remove Plaintiffs Milton Thomas, Clyde Kennard Jones, and Earnest Ridley from a hearing in Plaintiff Daron Thomas' criminal matter then before the court. (Compl. 6.) They allege that this was illegal and unlawful because it was a public hearing. (*Id*. at 7-8.) The Complaint then goes on to detail that Plaintiff Daron Thomas was held in willful contempt of court "without trial or due process," sentenced to thirty days, and was not released after the expiration of that period. (*Id*. at 8.)

Plaintiffs further assert that the Clerk of the Superior Court of Pulaski County, Defendant Peggy Fauscett, failed to properly process Plaintiff Daron Thomas' notice of appeal. (*Id*. at 9.) Plaintiffs also claim that Defendant Fauscett violated a state statute with regard to the timing of the court's hearing Daron Thomas' petition for writ of habeas corpus filed in that court. (*Id*. at 11.) Plaintiffs further allege that Plaintiff Daron Thomas' appointed counsel, Defendant David E. Morgan, III, breached his fiduciary duty to his client by only meeting with him once in the preparation for his criminal trial and allegedly committed other violations of duty in relation to his representation of Plaintiff Daron Thomas. (*Id*. at 10, 15-16.) Additionally, Plaintiffs allege that Judge L.A.

McConnell, Jr. violated state law by failing to rule on his petition for habeas corpus within thirty days, and "suspended the Habeas Corpus contrary to the Constitutions of both Georgia and the United States of America." (Compl. 12.)   Furthermore, Defendant Judges McConnell and Sarah Wall, who were "disqualified," allegedly failed to procure another judge in violation of their duty.  (*Id*. at 11.)   Finally, Plaintiffs contend that Plaintiff Daron Thomas filed multiple petitions for writs of habeas corpus in the Supreme Court of Georgia which Defendant Therese S. Barnes, Clerk of the Supreme Court, either improperly filed or "converted" and "tamper[ed] with papers."   (*Id*. at 12-15.)

The Complaint concludes with a section titled "Relief Sought."  (*Id*. at 17.)   The two paragraphs in this section are all but unintelligible, but it appears that Plaintiffs request a declaration from the Court that all of the above allegations show that all Defendants have violated either the Constitution of the United States or the Constitution of the State of Georgia or the laws of Georgia, and this being the case, Plaintiff Daron Thomas is entitled to immediate release from unlawful custody.   Thus, the only cognizable relief sought by the Plaintiffs is, in effect, habeas relief.

## DISCUSSION

### I.   Jurisdiction

Plaintiffs title their Complaint as describing violations of their rights under 42 U.S.C. §§ 1983, 1985, and 1986, breach of fiduciary duty, and to seek declaratory judgment, injunction, and writs of habeas corpus, mandamus, and prohibition. (Compl. 1.)  However, it is clear that the only relief sought is a declaration that Plaintiff Daron Thomas' custody is unlawful and that he be released from custody.  (*Id*. at 17.)   The case

is therefore not properly docketed under 42 U.S.C. § 1983, but instead would be more properly considered a petition for writ of habeas corpus under 28 U.S.C. § 2254 because Plaintiff Daron Thomas is a state prisoner contesting the legality of his state custody.[1]  *See Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.")

Recognizing that the only relief requested is Daron Thomas' release from prison, the Court has the duty to determine whether it has jurisdiction to entertain the suit at all. Specifically, the Court must determine if Plaintiffs Clyde Kennard Jones, Milton Thomas, and Earnest Ridley have standing to request the relief they seek.  "To establish an Art. III case or controversy, a litigant first must clearly demonstrate that he has suffered an 'injury in fact.' That injury . . . must be concrete in both a qualitative and temporal sense. The complainant must allege an injury to himself."  *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).  "Further, the litigant must satisfy the 'causation' and 'redressability' prongs of the Art. III minima by showing that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision."  *Id*. (quotation marks and citation

---

[1]  Given Plaintiff's pro se status, the Court could construe the Complaint as a petition for writ of habeas corpus under 28 U.S.C. § 2254.  However, Plaintiff Daron Thomas currently has pending in this Court a petition for writ of habeas corpus: *Thomas v. Cape*, No. 5:14-cv-20 (M.D. Ga. Oct. 23, 2013).  The relief sought in this action duplicates that sought in Plaintiff Thomas' other pending action.  If the Court were to construe the Complaint as such, issues would arise concerning successive petitions implicating Rule 9 of the Rules Governing Section 2254 Cases.  To avoid these issues, the Court declines to construe the Complaint as a habeas petition.

4

omitted).

Reading Plaintiffs' Complaint as liberally as possible, the only "injury in fact" that these three Plaintiffs allege is that they were denied entry to a hearing in Daron Thomas' criminal proceedings. It is dubious to conclude from that allegation that any violation of federal law occurred to confer jurisdiction upon the Court and Plaintiffs seek no redress from the Court for that alleged violation. The only redress sought is a declaration that Daron Thomas is illegally held and is entitled to be released. This fails to satisfy the redressability prong discussed above because even if Plaintiff Daron Thomas were released from custody, this would do nothing to redress the issue of access to courts that the other three Plaintiffs allege. Plaintiffs have therefore failed to satisfy the Court that they have standing to pursue this action.

Consequently, because the Court finds that Plaintiffs Clyde Kennard Jones, Earnest Ridley, and Milton Thomas lack standing to request the relief they seek, and because the Court declines to construe the petition as a successive petition by Plaintiff Daron Thomas under 28 U.S.C. § 2254, the Complaint must be dismissed as it states no claim for relief that can be granted by the Court.

## II.     Pending Motions

As stated above, Defendants filed three motions to dismiss the Complaint. (ECF Nos. 4, 8, 9.) Plaintiffs responded to the motions to dismiss and filed four motions to strike the Defendants' motions. (ECF Nos. 7, 14, 19, 26.) Plaintiffs also filed a motion for default judgment. (ECF No. 13.) Because the Court finds that it does not have jurisdiction to grant the relief sought by Plaintiffs and that the Complaint should be

dismissed, these motions are now moot and should also be dismissed.

## CONCLUSION

WHEREFORE, for the reasons explained above, it is RECOMMENDED that Plaintiffs' Complaint be dismissed for lack of jurisdiction. It is further RECOMMENDED that Defendants' motions to dismiss the complaint (ECF Nos. 4, 8, 9), Plaintiffs' motions to strike (ECF Nos. 7, 14, 19, 26), and motion for default judgment (ECF No. 13) be dismissed as moot. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO RECOMMENDED, this 22nd day of August, 2014.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE